UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERT RIVERA,

                    Plaintiff,

          -against-

ANTHONY ANNUCCI, Acting Commissioner
of the New York State Department of
Corrections, et al.,

                    Defendants.

**SUPPLEMENTAL
ORDER OF SERVICE**

19-CV-10425 (PMH)

PHILIP M. HALPERN, United States District Judge:

          Plaintiff, currently incarcerated at Green Haven Correctional Facility ("Green Haven"),
brings this action *pro se* and *in forma pauperis* ("IFP") under 42 U.S.C. § 1983 against a number
of officials at Green Haven. In the first Complaint, Plaintiff identified five Defendants: (1) Acting
New York State Department of Corrections and Community Supervision Commissioner Anthony
Annucci; (2) Green Haven Superintendent M. Royce; (3) Green Haven Deputy Superintendent of
Security A. Russo; (4) Correction Officer T. Ott; and (5) a John Doe Correction Officer. (Doc. 2,
Compl. at 1). On December 5, 2019, Judge Román issued an Order of Service directing service on
the named Defendants and instructing the New York State Office of the Attorney General
("NYSOAG") to identify the John Doe. (Doc. 10). By letter dated February 3, 2020, the NYSOAG
identified the John Doe as Jhandry Zevallos. (Doc. 16). Shortly thereafter Plaintiff filed an
Amended Complaint and substituted Zevallos for the John Doe. (Doc. 17). On March 4, 2020,
Judge Román issued a Supplemental Order of Service directing service on Zevallos. (Doc. 18).

          Plaintiff filed his Second Amended Complaint ("SAC") on October 5, 2020 with leave of
Court. (Doc. 38). In the SAC, Plaintiff added a new Defendant: Captain Norton.[1]

---

[1] The Court notes that Annucci is not included in the SAC's caption.

As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure requires generally that the summons and complaint be served within 90 days of the date a complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the SAC until the Court reviewed the pleading and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the SAC is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Captain Norton through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for that Defendant. The Clerk of Court is instructed further to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon that Defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## <u>CONCLUSION</u>

The Clerk of Court is instructed further to complete the USM-285 form with the address for Captain Norton and deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk of Court is directed further to mail a copy of this Order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:    New York, New York
        November 30, 2020

_____
PHILIP M. HALPERN
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1. Captain Norton
  Green Haven Correctional Facility
  594 Route 216
  Stormville, New York 12582-0010