STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

Writer's Direct Line

> Defendants' time to serve and file their reply memorandum of in law in further support of their motion to dismiss is extended to and including March 15, 2021.
>
> Insofar as Plaintiff requested an additional 60 days for "an opportunity to provide statistical and factual documents to further support the allegations mentioned herein" because the pandemic impacted his "time to do legal research, seek legal assistance, and perfect" his submission (Doc. 50-1 at 5), that application is denied.
>
> Finally, any request for discovery is premature and denied without prejudice to renew should the matter proceed into discovery.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 50 and to mail a copy of this Order to Plaintiff.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        February 18, 2021

**BY ECF:**
The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>Rivera v. Annucci,</u>

Dear Judge Halpern:

This Office represents former Superintendent of Green Haven Correctional Facility ("Green Haven") Mark Royce, and current Deputy Superintendent of Security of Green Haven Anthony Russo, Correction Officer Tracy Ott, Correction Officer Jhandry Zevallos, and Captain Floyd Norton ("Defendants") in the above referenced matter. I write respectfully requesting an extension of the Defendants' time to file their Reply, in further support of their Motion to Dismiss the Second Amended Complaint, from February 21, 2021 to March 15, 2021, in light of the fact that this undersigned received, today, February 17, 2021, Plaintiff's Opposition to the Defendants' Motion to Dismiss. *See Plaintiff's enclosed Opposition*[1]. Based on the briefing schedule set by the Court, Plaintiff's Opposition was due on February 1, 2021 while the Defendants' Reply is due on February 21, 2021. *See Dkt. No. 40*. Therefore, the extension is needed so that the Defendants may respond to the Plaintiff's Opposition, including several exhibits he attached therein. This is the Defendants' first request for an extension of their time to file their Reply and this request will not affect any other scheduled dates.

Additionally, although unclear from the face of the Opposition, to the extent Plaintiff is seeking to commence discovery in this matter, it is respectfully requested that this request be denied, and that discovery be stayed pending a decision on the Defendants' Motion to Dismiss. This is the Defendants' second request for a stay of discovery. The first request, which was made on November 2, 2020, was partially denied as the Defendants were directed to respond to the Local Rule 33.2 Interrogatories and Request for Production of Documents, *see Dkt. No. 40*, which the Defendants responded to on December 28, 2020. *See generally Dkt. No. 40*. In light of the fact that the Defendants have filed a fully dispositive Motion, the Defendants respectfully renew their request for a stay of discovery pending the outcome of the Motion to Dismiss. *See generally*

---

[1] The Defendants have enclosed a copy of Plaintiff's Opposition as this document does not yet appear on the docket.

*Amador Rivera, V. I. Michael Heyman*, No. 96 Civ. 4489(PKL), 1997 WL 86394, at *1 (S.D.N.Y. February 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue").

Finally, and also unclear from the face of the Opposition, to the extent Plaintiff is seeking leave to file an additional Opposition, the Defendants respectfully request that such leave be denied. Plaintiff has been on notice of the Defendants' intent to file a Motion to Dismiss since the Defendants' first served Plaintiff with a deficiency letter on July 3, 2020, pursuant to Your Honor's Individual Practices, Rule 4(C)(ii), which provided Plaintiff many of the same legal precedents that are present in Defendants' Motion to Dismiss. Following the deficiency letter, Plaintiff was provided additional notice of the Defendants' anticipated arguments in support of their position when the Defendants filed two pre-motion letters. *See Dkt. Nos. 25 & 39*. Not only did those letters further outline the Defendants' anticipated Motion but they also provided Plaintiff with additional legal precedents that the Defendants intended to rely upon in support of their position. *Id*. Further, and in accordance with the Southern District of New York's Local Rules, the Defendants also provided Plaintiff with copies of every unreported case that the Defendants referenced in their Motion. Accordingly, and since Plaintiff has been provided with ample amount of time to research and prepare his arguments in opposition to the Defendants' Motion, it is respectfully requested that any request by Plaintiff to submit a further Opposition be denied.

Plaintiff's consent to the applications made herein has not been sought because of the difficulty in prompt communication with *pro se* litigants during this time.

Thank you for your consideration of this application.

Respectfully submitted,

*S/ John R. Doran*
Assistant Attorney General
John.Doran@ag.ny.gov

Encls: Plaintiff's Opposition to the Defendants' Motion to Dismiss

Cc:   Albert Rivera
      16-A-4080
      Green Haven Correctional Facility
      P.O. Box 4000
      Stormville, NY 12582
      Without Encls.